UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN WILLIAMS,

               Plaintiff,

v.                                                                          Case No. 19-cv-1699-bhl

KRISTIN JENSEN, et al.,

               Defendants.

## DECISION AND ORDER

Plaintiff Jovan Williams, a prisoner confined at the Waupun Correctional Institution who is representing himself, is proceeding on Eighth Amendment claims based on allegations that Defendants were deliberately indifferent to his serious mental health and medical conditions. On June 28, 2021, Defendant Susan Peters filed a motion for summary judgment. On October 13, 2021, Williams filed a motion to strike Peters' counsel's declaration, which was filed in support of Peters' motion. Dkt. No. 102. Counsel's declaration notes that he is Peters' attorney and attaches various sets of documents, including "true and correct" copies of Williams' St. Vincent Hospital Emergency Room records. Dkt. No. 81. Williams asserts that counsel submitted his declaration in bad faith and that he used false, inadmissible evidence to dispute Williams' statements that he overdosed on May 14, 2017. Specifically, Williams asserts that the St. Vincent records attached to counsel's declaration are not his records, he has never seen the records, and the records are not in his institution medical file.

The Court will deny Williams' motion. At summary judgment, the Court "may consider any material that would be admissible or usable at trial." *Woods v. City of Chicago*, 234 F.3d 979,

988 (7th Cir. 2000) (citations omitted). Under Fed. R. Evid. 803(4), statements in medical records that are made for medical diagnosis or treatment or that describe a patient's medical history or past or present symptoms are admissible. Williams asserts that these are not his medical records, but he offers no evidence to support such a conclusion. In his complaint, Williams asserts that he was taken to St. Vincent Hospital in the early morning hours of May 14, 2017 for medical treatment related to an alleged overdose. Dkt. No. 1 at 5. The records at issue are consistent with these allegations: They are from the St. Vincent Emergency Department, they are dated May 14, 2017, they have Williams' name, date of birth (redacted), and gender at the top of each page, and they reflect that the patient's chief complaint is that he overdosed on Trazadone. Dkt. No. 94-1 at 1-3.

Further, counsel explains that he obtained the records from St. Vincent Hospital and that they were accompanied by a "Certification of Medical Records and/or Billing," in which the legal record technician at St. Vincent Hospital certified that the documents provided "constitute[d] an accurate, legible and complete duplicate" of Williams' medical records. Dkt. No. 110-1. Williams' assertion that he has never seen the records or that they are not part of his institution health records file fails to support his contention that the records are fake. It is doubtful that Williams, who was incarcerated at the relevant time, would have been given copies of the records upon being discharged from the hospital, nor is it clear that records from outside providers are maintained in a prisoner's institution health file. In short, there could be any number of reasons why Williams had not seen the records, the least likely being that the records are fake. Given that Williams fails to provide any support for his conclusion that the records are not his and given the overwhelming evidence that the medical records are what they purport to be, the Court will deny his motion.

Finally, on November 3, 2021, Williams filed a motion to appoint counsel to represent him during trial. Dkt. No. 118. The Court denied the motion without prejudice on November 8, 2021. Dkt. No. 120. The Court explained that Williams' motion was premature and that it would consider his request should his claims survive summary judgment. The same day that the Court entered its order, Williams filed an amended motion to appoint counsel to represent him at trial. Dkt. No. 122. The Court will deny the motion for the reasons already explained.

**IT IS THEREFORE ORDERED** that Williams' motion to strike Attorney John Reid's declaration (Dkt. No. 102) is **DENIED** and his amended motion to appoint counsel to represent him at trial (Dkt. No. 122) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on November 10, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge